**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
                                                           :

In the Matter             :        Chapter 7
                                                           :        Case No. 20-10853 [MG]
-of-                                         :

ANGELLI KRISTAL CHANG,            :

                             Debtor.     :

------------------------------------------------------------ X

### ORDER APPROVING STIPULATION AND AUTHORIZING TRUSTEE'S SALE OF THE ESTATE'S INTEREST IN THE EQUITY IN DEBTOR'S REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES

Upon the application (the "Application") of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Angelli Chang (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for an order pursuant to sections 363(b) and (f) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure, approving and authorizing the Trustee's sale (the "Sale") to the Debtor of the estate's interest (the "Equity Interest") in the equity in the Connecticut Property[1], free and clear of any obligations, liens, judgments, claims, encumbrances, and other interests, for $15,000 (the "Purchase Price"); and it further appearing from the Application that the terms of the Sale are fair and reasonable and reflect the exercise of the Trustee's business judgment under the relevant circumstances, and that the requirements of section 363(f) of the Bankruptcy Code have been satisfied; and the Application having been considered by the Court and no objections having been timely asserted or filed; and it appearing that good and sufficient notice of the Application

---

[1] Capitalized terms not defined herein shall have the same meaning as described in the Application.

has been given and that no other further notice of the Application is necessary or required; and the relief sought appearing reasonable and proper and in the best interest of the Estate; and after due deliberation and good and sufficient cause appearing therefor; it is hereby;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Application are section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019.

C. Proper, timely, adequate and sufficient notice of the Application and the transactions described in the Stipulation have been provided by the Trustee in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019.

D. A reasonable opportunity to object or be heard regarding the Application and the relief requested therein has been afforded to all interested persons and entities.

E. Approval of the Stipulation, a copy of which is annexed hereto, and consummation of the Sale are in the best interests of the Estate, its creditors, and other parties-in-interest.

F. The Trustee has demonstrated (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to sections 363(b) and (f) of the Bankruptcy Code.

G. The Stipulation was negotiated, proposed and entered into by and between the Trustee and the Debtor without collusion, in good faith, and from arm's-length bargaining positions.

H. The terms and conditions of the Stipulation are fair and reasonable. The consideration provided by the Debtor for the Equity Interest pursuant to the Stipulation is fair and reasonable, and will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative.

I. Neither the Trustee nor the Debtor are or will be liable to any agent, broker, person or firm acting or purporting to act on behalf of either the Trustee or the Debtor for any commission, broker's fee or finder's fee respecting the Sale.

J. The transfer of the Equity Interest by the Trustee to the Debtor will be a legal, valid, and effective transfer of the Equity, and will vest the Debtor with all right, title, and interest of the Debtor in and to the Equity Interest free and clear of all liens, claims, interests, obligations, rights, charges and encumbrances.

K. The Trustee may sell the Equity Interest free and clear of all, liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in Section 101(5) of the Bankruptcy Code), charges, options, rights of first refusal, easements, servitudes, transfer restrictions under any agreement, judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, obligations, guaranties, options, contractual commitments, restrictions, environmental liabilities, options to purchase, and options, in each case of whatever kind, nature, or description in, against or with respect to the Equity, having arisen, existed or accrued prior to and through the consummation of the Sale, whether direct or indirect, absolute or contingent, choate or inchoate, fixed or

contingent, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute or otherwise and whether arising prior to, on or after the Petition Date (collectively, "Liens, Claims and/or Interests") because one or more of the standards set forth in section 363(f)(1)–(5) have been satisfied with regard to each such Lien, Claim and/or Interest. Those non-debtor parties with Liens, Claims and/or Interests in or with respect to the Equity who did not object, or who withdrew their objections to the Application, are deemed to have consented to the sale of Equity Interest free and clear of those non-debtor parties' Liens, Claims and/or Interests in Equity Interest pursuant to section 363(f)(2) of the Bankruptcy Code.

L. The resolution of the Exemption as provided for in the Stipulation meets the applicable standard for approval under Bankruptcy Rule 9019 and section 363(b) of the Bankruptcy Code. The resolution of the Exemption represents a sound exercise of the Trustee's business judgment and represents the best possible outcome under the circumstances of this case. The terms of the Stipulation are fair and reasonable and are in the best interests of the Estate and its creditors. The Stipulation was negotiated on an arm's-length basis and in good faith by the Trustee and the Debtor.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1. The Application is GRANTED to the extent set forth herein.
2. The Stipulation is approved in its entirety.
3. The findings of fact set forth above and conclusions of law set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable to this case pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

4. All objections, if any, to the Application and the relief requested, that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice, and in each case, all parties which asserted such objections and reservations of rights are enjoined from taking any action against the Debtor, her affiliates or any agent of the foregoing in any manner including, without limitation, to recover any claim which such person or entity has solely against the Estate.

**Approval of the Sale**

5. The Sale, and all of the terms and conditions and transactions contemplated by the Stipulation are hereby authorized and approved pursuant to section 363(b) of the Bankruptcy Code.

6. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Stipulation, and shall at all times act in accordance with the terms thereof and this Order.

7. The Trustee is authorized to expend such funds and he and his retained attorneys are authorized to execute and deliver, and empowered to perform under, consummate, and implement the Stipulation, together with all additional instruments and documents that may be reasonably necessary, convenient or desirable to implement the Stipulation and consummate the Sale pursuant thereto and effectuate the provisions of this Order and the transaction approved hereby, and to take all other actions as may be necessary for the purpose of assigning, transferring, granting, conveying and conferring to the Debtor the Equity Interest, as may be

necessary or appropriate to the performance of the obligations as contemplated by the Stipulation and this Order.

**Transfer of Equity Interest**

8. Pursuant to section 363(f) of the Bankruptcy Code, upon the consummation of the Sale, the Equity Interest (and good and marketable title to such) and all of the attendant respective rights, title and interest therein shall be transferred to the Debtor free and clear of all Liens, Claims and/or Interests, including, without limitation, tax liens, with all such Liens, Claims and/or Interests to attach to the net cash proceeds of the Estates interest in the Equity in the order of their priority, with the same validity, force and effect which they now have as against the Equity Interest, subject to any claims and defenses, setoffs or rights of recoupment that the Trustee or the Estate may possess with respect thereto.

9. Except as expressly provided in the Stipulation, all persons and entities (and their respective successors and assigns) including, but not limited to, all governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens, Claims and/or Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Trustee, the Estate and/or the interest in the Equity Interest arising or accruing under or out of, in connection with, or in any way relating to, the Trustee, the Estate, the Equity Interest, or the transfer of the Equity Interest to the Debtor, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens, Claims and/or Interests against the Equity Interest, the Debtor or any of the Debtor's successors or assigns. Following the consummation of the Sale under the Stipulation, no holder of a Lien, Claim and/or Interest shall interfere with the Debtor's

title to or use and enjoyment of the Equity Interest based on or related to such Lien, Claim and/or Interest or any actions that the Trustee has taken or may take in this Chapter 7 Case.

10. The transfer of the Equity Interest to the Debtor pursuant to the Stipulation constitutes a legal, valid, and effective transfer of the Equity Interest, and shall vest the Debtor with all right, title, and interest of the Estate in and to the Equity Interest.

**Additional Provisions**

11. This Order shall be (a) effective as a determination that, upon the consummation of the Sale, all Liens, Claims and/or Interests existing with respect to the Equity Interest prior to the consummation of the Sale have been unconditionally released, discharged and terminated as to the Debtor and the Equity Interest, and that the conveyances described herein have been effected, and (b) binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Equity Interest.

12. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Stipulation.

13. The Equity Interest will be conveyed by the Trustee to, and accepted by the Debtor "AS IS", "WHERE IS", "WITHOUT FAULTS", "WITHOUT ANY EXPRESS OR

IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND", except as expressly provided in the Stipulation and this Order.

14. The failure specifically to include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that each Stipulation be authorized and approved in its entirety.

15. The Stipulation and any related agreements, documents, or other instruments may be further modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate.

**Approval of the Resolution of the Exemption**

16. The resolution of the Exemption as provided for by the Stipulation is hereby authorized and approved pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019. The resolution of the Exemption shall be effectuated in accordance with the Stipulation

**Retention of Jurisdiction**

17. This Court hereby retains exclusive jurisdiction to enforce and implement this Order, the terms and provisions of the Stipulation, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order and the Stipulation, (b) resolve any dispute, controversy or claim arising under or related to the Stipulation, or the breach thereof and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

18. Entry of this Order shall in no way impair the ability of the Court, United States Trustee, or Trustee to implement or enforce other orders of the Court entered in the Debtor's case, and all such orders shall continue in full force and effect.

**IT IS SO ORDERED.**

Dated: May 18, 2021
      New York, New York

                                         **/s/ Martin Glenn**
                                         MARTIN GLENN
                               United States Bankruptcy Judge